OPINION
Appellant Ohio Cast Products, Inc. appeals the decision of the Stark County Court of Common Pleas denying appellant's motion for an order vacating a certificate of judgment lien. The facts leading to this appeal are as follows. Appellant is a manufacturing entity headquartered in Canton, Ohio. In December 1998, Appellee State of Ohio, via the Environmental Enforcement Section of the Attorney General's Office, filed a lawsuit regarding appellant's illegal air pollution, seeking injunctive relief and civil penalties. Prior to trial, following lengthy negotiations, the parties reached an agreement to settle. On September 9, 1999, a consent order was filed. The order, consisting of twenty pages of text, requires appellant, inter alia, to maintain certain air pollution control equipment and to pay a cash civil penalty in quarterly installments, and further sets out various stipulated penalties in the event of certain additional instances of noncompliance. The consent order also provides that the trial court is to retain jurisdiction for enforcing the terms thereof. On September 28, 1999, the state caused the Stark County Clerk of Court to file a "Certificate of Judgment for Lien upon Lands and Tenements," asserting that a judgment was rendered on September 9, 1999, against appellant in the amount of $214,075. On November 2, 1999, appellant filed a motion to vacate the certificate of judgment. Appellee filed a memorandum contra on November 18, 1999. The trial court entered a judgment entry on November 22, 1999, finding that the the certificate of judgment for lien was valid, and overruled appellant's motion. On December 17, 1999, appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 I. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT PLAINTIFF-APPELLEE HAD A LEGAL RIGHT TO FILE A CERTIFICATE OF JUDGMENT LIEN ISSUED HEREIN, THUS OVERRULING DEFENDANT OHIO CAST PRODUCTS INC.'S MOTION FOR ORDER VACATING CERTIFICATE OF JUDGMENT FOR LIEN UPON LANDS AND TENEMENTS.
Appellant argues that the trial court erred in overruling its attempt to remove or vacate the certificate of judgment for lien. Prior to responding on the merits, the state urges dismissal of the appeal for want of a final appealable order. We agree with the position of the state. "In general, the word `lien' implies a hold or claim upon property for some debt or charge." Clapp v. Huron County Banking Co. (1893), 50 Ohio St. 528, 535. The relevant statute, R.C. 2329.02, reads in part: Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof. * * *.
It is worth noting that neither party challenges the validity of the original consent order; the entry under appeal is the trial court's declaration of the validity of the certificate of judgment. The state urges in its brief that this entry "merely finds that the State was legally entitled to obtain a certificate of judgment." Appellee's Brief at 6. Although not directly on point, the case of Gaul v. Leeper (July 15, 1993), Cuyahoga App. No. 63222, unreported, sheds light on the issue before us. In that case, Gaul, the Cuyahoga County Treasurer, initiated a foreclosure action against owners of real property in Chagrin Falls, Ohio. Gaul also joined as a defendant First National Bank of Ohio, who purportedly held an interest in or lien upon the property at issue. First National filed a cross-claim against the owners, and also filed a third party complaint against Hasman, who also purportedly held an interest in the premises. Id. at 1. In addressing the issue of finality of the trial court's judgment entry of foreclosure, the appellate court held as follows: In the instant case, the trial court's January 28, 1992 order entering judgment of foreclosure in favor of the County Treasurer, First National and Mr. Hasman was not a final appealable order. At most, the court determined that the County Treasurer, First National and Mr. Hasman all have valid liens on the subject premises, the extent of those liens, and that each should be permitted to enforce their interests in the premises. In our opinion, this is not a final appealable order, but is merely preliminary to a judgment or decree establishing the priority of the liens and ordering the sale of the property. Id. at 2.
The Eleventh District Court of Appeals, citing Gaul, reached a similar conclusion in the case of BCGS, L.L.C. v. Susan M. Raab, et al. (July 17, 1998), Lake App. No. 98-L-041, unreported. In that case, appellee, a mortgage purchasing company, acquired the mortgage on appellant's residence and commenced foreclosure proceedings. The appellee company ultimately obtained a judgment entry on January 28, 1998, granting summary judgment against appellant and directing appellee to "prepare a decree in foreclosure and a final judicial report and present the same by February 15, 1998." Id. at 3. The appellate court held as follows in addressing the appeal by Raab, the residence owner: * * * [W]e are of the conclusion that the trial court's January 28, 1998 judgment entry in the instant matter is not a final appealable order. The judgment entry simply stated that "[t]he motion for summary judgment of plaintiff BCGS, L.L.C. is granted." At most, the trial court was ruling that appellee had a valid lien on the subject premises and was entitled to a future order of foreclosure.
In our opinion, this is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens. See Gaul v. Leeper (July 15, 1993), Cuyahoga App. No. 63222, unreported, at 2, 1993 WL 266818. Quite simply, the trial court's January 28, 1998 judgment entry is not cognizable as a final appealable order given the wide array of questions that remain to be resolved, to wit: is an order of sale to be issued; what other liens must be marshaled before distribution is ordered; what is the priority of any such liens; and what amounts are due the various claimants? * * * Id. at 5.
We find that similar reasoning should apply to the case sub judice. While we are cognizant of appellant's claim that the issuance of the certificate of judgment for lien came as a shock to the company, it followed on the heels of a legitimate consent order, and appellate review of the court's recognition of the validity of the certificate of judgment, under these facts, is unwarranted until such time as the state actually pursues execution. We are unable to find, under the above facts and circumstances, the existence of a final appealable order. Because this court lacks jurisdiction to presently hear this matter, appellant's appeal is dismissed.
 __________________ WISE, J.
Wise, J. Farmer, P.J., and Reader, V. J., concur.